Pfeiffer v Imperatore (2018 NY Slip Op 01031)





Pfeiffer v Imperatore


2018 NY Slip Op 01031


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


452464/15 452966/15 -178 -190 5688 5689

[*1]Samuel Pfeiffer, Plaintiff-Appellant,
v
Edward G. Imperatore, et al., Defendants-Respondents.
Samuel Pfeiffer, Plaintiff-Appellant,
v
Mid-Town Development Limited Partnership, et al., Defendants-Respondents.


Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for appellant.
Phillips Nizer LLP, New York (Mark M. Elliott of counsel), for Edward G. Imperatore, Edward W. Ross, Arthur E. Imperatore, Maurice L. Stone, John Doe(s) 1-10, XYZ Corporation and Mid-Town Development Limited Partnership also sued herein as Midtown Development, L.P., respondents.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for Tishman Speyer, respondent.



Judgments, Supreme Court, New York County (Charles E. Ramos, J.), entered June 21, 2016 and June 29, 2016, dismissing the amended complaint in the first action and the complaint in the second action upon orders, same court and Justice, entered March 3, 2016 and March 21, 2016, which, among other things, granted defendants' motions to dismiss the aforesaid complaints for the reasons set forth in a hearing transcript, and awarded sanctions and issued a litigation injunction, unanimously affirmed, with costs.
Although the prior dismissed actions filed in 2013 and 2014 did not seek the same relief as in this case, they alleged the same facts in support of claims of a fraud on the court. Accordingly, plaintiff's current claims for equitable relief based on allegations of a fraud on the court could and should have been raised in the prior actions and are thus barred by the doctrine of res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]).
Given the history of litigation by this plaintiff against these parties, the motion court providently exercised its discretion in issuing the litigation injunction and financial sanctions against plaintiff (see 22 NYCRR 130-1.1).
[*2]M-178 Samuel Pfeiffer v Mid-Town Development Limited Partnership
M-190 Samuel Pfeiffer v Edward G. Imperatore
Motions to withdrawn appeals denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK